IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ZAKAR'S MOTORS OF LITTLE FERRY, INC. | : : : : | |
| Plaintiff, | : : | Civil No. 22-6400 (RBK/AMD) |
| v. | : : | **OPINION** |
| VALMIRA ZUTA, *et al.*, | : : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants Valmira Zuta, Durim Zuta, and VB Construction, LLC's Motion to Transfer Vicinage Pursuant to Local Civil Rule 40.1(d) ("Motion" or "Mot.") (ECF No. 3). For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

**I.     BACKGROUND**

  **A.     Factual Background**

Plaintiff, a used car dealer in Bergen County, New Jersey, alleges he bought a 2020 Lamborghini Uris from Defendants on January 15, 2022. (ECF No. 7, "Complaint" or "Compl." at ¶¶ 5, 8; Motion at 2). Defendants apparently issued an odometer mileage statement showing 4,964 miles. (Compl. at ¶¶ 6, 8). Plaintiff alleges the vehicle's odometer reflected this number at sale. (*Id.* at ¶ 6). Plaintiff claims, however, that he discovered during routine maintenance at a Lamborghini dealership that the vehicle had approximately 40,000 miles on it instead of 4,964. (*Id.* at ¶ 10). Plaintiff further alleges that Defendants concealed the car's actual mileage by either

1

disconnecting the odometer, resetting it, or altering it. (*Id.* at ¶ 11). Although Plaintiff claims he demanded Defendants rescind the sale, he also alleges they refused to reply to this demand. (*Id.* at ¶ 16).

### B.     Procedural Background

Plaintiff originally brought this action in the Superior Court of New Jersey, Law Division, Atlantic County on October 12, 2022, and served Defendant Valmira Zuta on October 18, 2022. (ECF No. 1, "Notice of Removal" at 1–2). Defendants removed the case to this Court on November 1, 2022. (*Id.*). Defendants then filed this Motion to transfer vicinage from Camden to Newark on November 9, 2022. (ECF No. 3). Plaintiff filed an amended complaint on November 21, 2022, alleging five counts: (1) common law fraud; (2) violation of the Odometer Disclosure Act; (3) violation of the New Jersey Consumer Fraud Act; (4) breach of contract; and (5) unjust enrichment. (*See generally* Complaint). Plaintiff also filed a letter with the Court on November 16, 2022, alerting us that Plaintiff "neither consent[s] to nor oppose[s] Defendants' Motion." (ECF No. 6).

## II.    LEGAL STANDARD

Although Plaintiff does not oppose Defendants' Motion, this Court must still determine whether to grant it under Local Civil Rule 40.1. The Chief Judge has the "sole authority" and discretion under the Local Rules to reassign a case from one vicinage of the District of New Jersey to another. Local Rule 40.1(e); *Ferratex v. U.S. Sewer & Drain*, 121 F. Supp. 3d 432, 444 (D.N.J. 2015). Here, then-Chief Judge Freda L. Wolfson recused herself due to a conflict and set this case before this Court.

When reviewing a motion to transfer vicinage, the Court must consider "the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause

of action arose." L.Civ.R. 40.1(a). Courts should also consider the efficient administration of justice. *Cournoyer v. RCI, LLC*, 151 F. Supp. 3d 557, 558 n.6 (D.N.J. 2015) (citing *Spagnola v. City of Patterson*, 2009 WL 2448496, at *1 (D.N.J. Aug. 10, 2009)).

Reassignment of vicinage is not the same as transfer of venue under 28 U.S.C. § 1404(a). That rule says that "a district court may transfer any civil action to any other ***district*** or ***division*** where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). New Jersey is comprised of one district with three *vicinages*. There are neither divisions, nor multiple districts. Accordingly, this Motion is for transfer between *vicinages* and only analysis under Local Rule 40.1 applies.

### III. DISCUSSION

All three Rule 40.1 factors favor reassignment to Newark. First, Defendants' residences are in the Newark Vicinage—both Valmira and Durim Zuta reside in Passaic County, which sits in Newark Vicinage. (Mot. at 7). Second, this action arose within the Newark Vicinage—the Lamborghini sale took place in Passaic County. (*Id.* at 1, 6). Third, the case continuing in the Newark Vicinage would be more convenient to the litigants, their counsel, and any witnesses. Plaintiff's business in Little Ferry, New Jersey is approximately fourteen miles from Newark's federal courthouse but is more than ninety miles away from Camden's. (*Id.* at 7). VB Construction is roughly twenty-two miles from the Newark courthouse but more than one hundred miles from Camden's. (*Id.*). Defense counsel operates out of Cedar Grove in Essex County, part of the Newark Vicinage. (*Id.* at i). Plaintiff's counsel has an Atlantic City office, (*id.* at 1), but its website reveals that it also has an office in New York City. *See* http://hankinsandman.com/locations.cfm?theLocID=4. It is also likely that all potential witnesses reside in either Bergen or Passaic counties. (Mot. at 8). Judicial efficiency is, at worst,

3

neutral because not much has happened since Defendants removed the case. There have been no dispositive motions filed and only one conference has occurred. Finally, the Court also notes that Plaintiff explicitly does not oppose the Motion.

As such, after balancing the factors, reassignment from Camden to Newark is appropriate because (1) all three Local Rule 40.1(a) factors favor reassignment; (2) reassignment will not harm judicial efficiency; and (3) Plaintiff does not oppose the Motion.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion. An appropriate order follows.


Dated: March 28, 2023 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge